**Lee MEYERSON, Plaintiff,**

**v.**

The **STATE OF ARIZONA;** Arizona Board of Regents; Ralph M. Bilby; Rudy E. Campbell; Esther N. Capin; Earl H. Carroll; Thomas Chandler; William G. Payne; William P. Reilly; Tio A. Tachias; Renee Marler; John Schwada; Paige E. Mulhollan; Karl H. Dannenfeldt; Joyce Foster; Guido Weigend; Austin Jones; Leonard D. Goodstein; Peter Killeen; John Does I through V; and Jane Does I through V, Defendants.

**Civ. No. 80–715 Phx. WPC.**

United States District Court,
D. Arizona.

Oct. 28, 1981.

Charles D. Roush of Treon, Warnicke, Dann & Roush, Phoenix, Ariz., for plaintiff.

Stephen K. Smith, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff was hired as a psychology professor by Arizona State University in 1962. He is essentially totally deaf and suffers from a hip ailment resulting from a childhood disease. He filed a complaint on September 4, 1980, alleging that defendants had discriminated against him because of his handicap, in a variety of ways.

There are two claims at issue here. First, plaintiff claims that defendants, under color of state authority, deprived him of rights secured by federal law, in violation of 42 U.S.C. § 1983 (1976). Second, he claims that due to his handicap he was subjected to discrimination under a federal program or activity, in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Supp. 1976–1980).

This Court previously held that to state a claim under § 1983, plaintiff must show that he has been deprived of a federally protected right, independent of § 1983. *Meyerson v. State of Arizona*, 507 F.Supp. 859, 864 (D.Ariz.1981). Plaintiff requests that this Court reconsider that decision. In addition, the parties have filed cross motions for summary judgment, regarding plaintiff's claim under § 504 of the Rehabilitation Act.

Initially, this Court reaffirms it's previous decision concerning the § 1983 claim. It is clear that § 1983 is purely a remedial statute; it provides no substantive rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979). In order to have an action under § 1983 there must be a violation of a separate federal statute, and this statute must confer a federal right. *See, Maine v. Thiboutot*, 448 U.S. 1, 5, 8 n.6, 100 S.Ct. 2502, 2504, 2506 n.6, 65 L.Ed.2d 555 (1980); *Holmes v. Finney*, 631 F.2d 150, 154–55 (10th Cir. 1980). Thus, plaintiff must establish a cause of action under § 504 of the Rehabilitation Act, in order to have an action under § 1983. Consequently, the cross motions for summary judgment under § 504 of the Rehabilitation Act are determinative.

It is well established that summary judgment is only appropriate when there are no genuine issues of material fact, and one party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1967); Fed.R.Civ.P. 56(c).

Section 504 of the Rehabilitation Act provides that an otherwise qualified handicapped individual shall not "solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794 (Supp. 1976–1980).

This Court must determine whether the two prerequisites to a § 504 claim have been met, regardless of the merits of plaintiff's claim. The first requirement is that plaintiff must benefit directly or indirectly from a federally funded program or activity. *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1232 (7th Cir. 1980). The discrimination must be "in connection with" a federally funded program or activity. *Id.* Thus, to be actionable, the discrimination must "come in the operation of the program or manifest itself in a handicapped individual's exclusion from the program or a diminution

of the benefits he would otherwise receive from the program" *Id.*

 Thus, the nature of the federal grants must be ascertained. It appears that the only federal funds received by the psychology department of Arizona State University were instructional and research grants given to the individual professors. Next, it must be determined whether plaintiff has "any connection with" these federal funds. The only link he has with such funds is in connection with his claim that defendants prevented him from obtaining these federal grants. Thus, only under this claim for relief does plaintiff benefit directly or indirectly from a federally funded program or activity. His claims of insufficient space, equipment, responsibility, and authority are completely unrelated to the federal funds.

In any event, even if all the grants were not to the individual professors, the second requirement of a § 504 claim is likewise not met. Claims of discrimination under § 504 cannot be maintained unless a primary objective of the federally funded program is to provide employment. *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672, 674–75 (8th Cir. 1980), *cert. denied* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87, 88–89 (4th Cir. 1978), *cert. denied* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Sabol v. Board of Education of Township of Willingboro*, 510 F.Supp. 892, 894–99 (D.N.J.1981). *Contra, Hart v. County of Alameda*, 485 F.Supp. 66, 71–73 (N.D.Cal.1979).

In this instance employment was not a primary objective of the federal funds. The primary objective of the instructional grants was to obtain instruction for students. *See, Sabol, supra* at 895. The primary objective of the research grants was to obtain information. Although the funds happened to result in some employment, this was not one of their primary objectives. If employment was held to be a primary objective of a federal grant, just because the grant results in substantial employment, then almost all federal grants would have employment as a primary objective.

IT IS ORDERED:

1. Plaintiff's motion for reconsideration is denied.

2. Plaintiff's motion for summary judgment is denied.

3. Defendants' motion for summary judgment is granted. The Clerk will enter judgment accordingly denying all relief, pursuant to Rule 58 Fed.R.Civ.P.