**Lee MEYERSON, Plaintiff-Appellant,**

v.

**The STATE OF ARIZONA; Arizona Board of Regents, et al., Defendants-Appellees.**

No. 81–5996.

United States Court of Appeals, Ninth Circuit.

June 26, 1984.

---

Thomas E. Littler, Charles D. Roush, Treon, Warnicke & Roush, Phoenix, Ariz., for plaintiff-appellant.

Stephen K. Smith, Phoenix, Ariz., for defendants-appellees.

## ORDER

Appeal from the United States District Court for the District of Arizona.

Before WALLACE and FERGUSON, Circuit Judges, and GRANT,* District Judge.

The Supreme Court vacated the judgment in this case and remanded it to us for further consideration in light of *Consolidated Rail Corp. v. Darrone,* 465 U.S. ——, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984) (*Darrone* ). Meyerson charged that Arizona State University had discriminated against him in violation of four statutory provisions of federal law. The district court granted summary judgment against Meyerson. 526 F.Supp. 129 (D.Ariz.1981). Meyerson appealed as to three of the

claims, and we affirmed the district court on all three. *See* 709 F.2d 1235 (9th Cir. 1983). The remand from the Supreme Court involves only Meyerson's claim under section 504 of the Rehabilitation Act of 1973, as amended (the Act), 29 U.S.C. § 794.

In reviewing Meyerson's section 504 claim, *Scanlon v. Atascadero State Hospital,* 677 F.2d 1271 (9th Cir.1982) (*Scanlon* ), bound us to hold that a plaintiff may not maintain a private action under that section of the Act unless the federal financial assistance involved has a primary objective of providing employment. *See* 709 F.2d at 1237. The Supreme Court in *Darrone* makes it clear that *Scanlon* incorrectly decided this point. We therefore vacate the judgment of the district court on Meyerson's section 504 claim and remand it for further consideration in light of *Darrone.* We affirm the remaining parts of the judgment of the district court.

We commented in our previous decision that the district court may have rejected Meyerson's section 504 claim on the additional ground that "he failed to establish a sufficient nexus between himself and the federal assistance received by the University." 709 F.2d at 1237 n. 1. The record is inadequate for us to review this possible alternative holding. Furthermore, we observe that the Supreme Court has recently decided *Grove City College v. Bell,* 465 U.S. ——, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), a Title VII case involving definition of the terms "program or activity." Although we express no opinion on the applicability of *Grove City College v. Bell* to Meyerson's claim under section 504, we believe the district court should, if Meyerson raises the point, have the first opportunity to address it.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

FERGUSON, Circuit Judge, concurring:

I concur in the Order, but add a statement in order to assist the district court in

---

* Honorable Robert A. Grant, United States District Judge, Northern District of Indiana, sitting by designation.

its determination of the applicability of *Grove City College v. Bell,* 465 U.S. ——, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984).

The district court in its prior decision stated:

> It appears that the only federal funds received by the psychology department of Arizona State University were instructional and research grants given to the individual professors. Next, it must be determined whether plaintiff has "any connection with" these federal funds.

526 F.Supp. 129, 131 (D.Ariz.1981). It appears that the district court may have been of the opinion that Meyerson himself must receive federal funds before he could state a cause of action under section 504.

The question in *Grove City College* was whether or not an education program or activity was receiving federal aid. In footnote 21, the Supreme Court stated, in part:

> Just as employees who "work in an education program that receive[s] federal assistance," *North Haven Board of Education v. Bell, supra,* [456 U.S. 512] at 540 [102 S.Ct. 1912, 72 L.Ed.2d 299 (1982)], are protected under Title IX even if their salaries are "not funded by federal money," *ibid.,* so also are students who participate in the College's federally assisted financial aid program but who do not themselves receive federal funds protected against discrimination on the basis of sex.

The statute involved in *Grove City College,* 20 U.S.C. § 1681(a), contains the same language regarding a "program or activity receiving Federal financial assistance" as section 504 of the Rehabilitation Act, 29 U.S.C. § 794.